CENTRAL ADVERTISING COMPANY *v.* STATE
HIGHWAY COMMISSION.

1. HIGHWAYS—STATE HIGHWAY COMMISSION—EXCESS LAND.
    State highway commission whenever it obtains the whole of
    a parcel of land has the right to sell and convey portion
    of property not needed, on whatever terms it deems proper
    (CL 1948, § 213.194).

2. EASEMENTS—NEGATIVE EASEMENT—WORDS AND PHRASES.
    A negative easement is a right in the owner of a dominant
    tenement in land to restrict the owner of the servient
    tenement in the exercise of general and natural rights of
    property.

3. SAME—NEGATIVE EASEMENT—WORDS AND PHRASES.
    A negative easement is a retained incorporeal right in land
    conveyed by the grantor thereby lessening the "bundle of
    rights" normally attached to land conveyed to a grantee.

4. ADMINISTRATIVE LAW AND PROCEDURE—POWERS OF ADMINISTRA-
    TIVE AGENCY.
    Powers of administrative boards, commissions, and officers are
    limited by statutes creating them to those conferred expressly
    or by necessary or fair implication.

5. HIGHWAYS—STATE HIGHWAY COMMISSION—EXCESS LAND—RE-
    STRICTIVE COVENANTS.
    The placing of restrictive covenants in a deed upon the sale
    of excess land is beyond the power granted highway com-
    mission in a statute providing that whenever the whole
    or parcel of land is taken the commission is authorized to
    sell and convey portion not needed (CL 1948, § 213.194).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur 2d, Eminent Domain § 115.
[2, 3] 25 Am Jur 2d, Easements and Licenses §§ 8, 118.
[4] 1 Am Jur 2d, Administrative Law § 69 *et seq.*
[5–8] 49 Am Jur, States, Territories, and Dependencies § 57.
[9] 5 Am Jur 2d, Appeal and Error § 1009.

6. SAME—STATE HIGHWAY COMMISSION—EXCESS LAND—SALE—
TERMS.

> Statutory provision authorizing highway commission to sell
> and convey portion of land not needed, on whatever terms
> deemed necessary, pertains to the terms of sale and does not
> authorize restrictive covenants in the conveyance (CL 1948,
> § 213.194).

7. SAME—STATE HIGHWAY COMMISSION—SALE OF LAND—RESTRICTIVE
COVENANTS—FEDERAL LAW.

> State highway commission need not sell land subject to re-
> strictive covenant against its use for billboard advertisement
> in order to comply with Federal requirements as to location
> of billboards near highway when the legislature has spe-
> cifically provided the means to comply with Federal require-
> ments by legislation restricting the location of billboards
> (23 USCA § 131; PA 1966, No 333).

8. SAME—EXCESS LAND—RESTRICTIVE COVENANTS.

> Act of highway commission in selling land subject to restrictive
> covenant against its use for billboard advertisement *held*,
> to be without authority.

9. COSTS—HIGHWAYS—EXCESS PROPERTY—RESTRICTIVE COVENANTS
—PUBLIC QUESTION.

> No costs are allowed on appeal from summary judgment for
> defendant state highway commission in action seeking declara-
> tion of rights of defendant to impose restrictions against
> use of land for billboard advertisement on the not needed
> portion of land to be sold, a public question being involved.

Appeal from Ingham, Hughes (Sam Street), J.
Submitted Division 2 April 3, 1968, at Lansing.
(Docket No. 4,160.)  Decided June 28, 1968.  Leave
to appeal granted September 27, 1968.  See 381 Mich
777.

Complaint by Central Advertising Company, a
Michigan corporation, against the State Highway
Commission for declaration of rights of defendant
to impose restrictions against use of land for bill-
board advertisements.  Summary judgment for de-

fendant. Plaintiff appeals. Reversed and remanded.

*Fraser, Trebilcock, Davis & Foster,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso,* and *James D. Mueller,* Assistant Attorneys General, for defendant.

T. G. KAVANAGH, J.   The State highway commission, pursuant to the powers conferred upon it under CL 1948, § 213.194 (Stat Ann 1958 Rev § 8.195), offered for sale through public notice, excess land which it had previously obtained under the authority granted in CL 1948, § 213.193 (Stat Ann 1958 Rev § 8.194).[1]   The notice stated that the land would be sold subject to certain restrictions against its use for billboard advertisements, such restrictions to constitute a covenant running with the land.   Plaintiff, an outdoor advertiser, contends that the highway commission lacks authority under the statutes to impose such restrictions on the unneeded portion of land to be sold, that by so acting the commission has exercised a power never delegated to it by the legislature, and that such unauthorized conduct has injured plaintiff's business.   The statute concerning the sale of excess land states:

"Whenever the whole of a lot or parcel of land is, or has been, taken by any board or the commissioner, as provided in the preceding section, such board or commissioner, or his or their successors in office

---

[1] "The provisions of this chapter shall be deemed to extend to and include the right to acquire and take property and property rights  *  *  *  ;  and to acquire and take the fee to the whole of a particular lot or parcel of land whenever in the opinion of the board or commissioner it is advisable to provide for the proper construction, improvement or maintenance of highways."

shall have the right, and are hereby authorized, to sell and convey the portion not needed, on whatever terms such board or commissioner may deem proper." CL 1948, § 213.194 (Stat Ann 1958 Rev § 8.195).

The highway commission argues that upon acquisition of the land it obtained a fee simple estate which incorporated the right to deal with the property as would any private owner, including a sale of that portion not needed subject to restrictive covenants. To support this position, the commission cites *Winter* v. *State Highway Commissioner* (1965), 376 Mich 11, and, along with that, points to the statutory right "to sell and convey * * * on whatever terms" are deemed proper.

In *Winter*, the Court held that the highway commission "acquired title in fee simple to the parcel in question. The act does not qualify the legal concept of 'fee simple' estate as embracing anything less than the entire bundle of rights including subsurface gas and oil rights" (p 19). It was held there to be within the power of the commission to convey title to gas and mineral rights as not needed portions of land, while retaining title to the surface property. Defendant contends, by way of analogy to the above holding, that the commission may sell that portion of its "bundle of rights" in land not needed, while retaining those rights it wishes to withhold from the grantee; in other words, that, as owner of the fee simple, the portion of land not needed may be sold subject to a negative restrictive easement.

The analogy is inapt. The statute allows for a sale of that portion of *land* not needed, not for a sale of those rights not needed. *"A negative easement* is a *right* in the owner of the dominant tenement to restrict the owner of the servient tenement, in respect of the tenement, in the exercise of general and natural *rights* of property." (Emphasis added.)

28 CJS Easements, § 3, p 630. As such it is a retained incorporeal right in the land conveyed by the grantor, thereby lessening that "bundle of rights" normally attached to land conveyed to a grantee. The statute provides that the highway commission take fee simple, but there is no statutory provision allowing for a sale of excess lands with less rights than those attached to the fee upon its acquisition. The commission has only such powers as the statute confers, and the placing of restrictive covenants in the deeds upon sale of excess lands was beyond the power granted to defendant in this section of the statute.[2] As will be shown, it was not necessary, for the implementation of a statutory duty, that the commission find implied such power in the legislature's language.

That portion of the statute allowing the commission "to sell and convey the portion not needed on whatever terms" deemed necessary, pertains to the terms of sale. In the absence of designated duties, to hold otherwise would provide the commission with far reaching powers in areas beyond its authorized purpose, allowing arbitrary discrimination in the absence of specific standards or controls.[3] The statute must be read without such an implication in order to maintain its constitutional validity.

The highway commission next points to the provisions of that act enumerating its powers and duties, in particular the authority:

[2] 42 Am Jur, Public Administrative Law § 26, p 316:
"Administrative boards, commissions, and officers have no common-law powers. Their powers are limited by the statutes creating them to those conferred expressly or by necessary or fair implication. General language describing the powers and functions of an administrative body may be construed to extend no further than the specific duties and powers conferred in the same statute."

[3] See *O'Brien* v. *State Highway Commissioner* (1965), 375 Mich 545, wherein the Supreme Court held that statutes allowing the highway commissioner to remove signs "that have not been duly authorized" was devoid of any standards and, thus, constitutionally invalid.

"(i) To acquire, own, and hold real and personal property in the name of the state or the commission and to sell, lease or otherwise dispose of or encumber the same in connection with and in furtherance of its duties and the purposes of this act.

"(m) To do anything necessary and proper to comply fully with the provisions of present or future federal aid acts."   CL 1948, § 247.807 (Stat Ann 1968 Cum Supp § 9.216[7]).

From these provisions, the commission claims it finds the power to place restrictive covenants on sale of excess lands in the exercise of its duties and in furtherance of the purposes of the act, including the duty to comply with the provisions of Federal aid acts.[4]

It is not necessary, however, for the commission to look beyond statutory language or read powers into that language when the legislature has specifically provided the means to comply with Federal requirements.   We refer to the enactment of PA 1966, No 333, effective September, 1966 which reads:

"In order to promote the reasonable, orderly and effective display of outdoor advertising, consistent with customary use no sign shall be erected or maintained, subject to the provisions of this section in an adjacent area after January 1, 1968, except the following:  'Adjacent area' means an area  *  *  * within 660 feet of the nearest edge of the right of way of any interstate or primary highway."   CL 1948, §§ 252.255, 252.251 (Stat Ann 1968 Cum Supp § 9.391[55], [51]).

These provisions are similar if not identical to those requirements of the Federal government and the enforcement of this statute is properly a function

---

[4] The Federal Highway Beautification Act provides that the Federal government may withhold funds in the event that billboards are located within a certain distance of highway right-of-way. See 23 USCA § 131.

of the commission. The specific language found here makes it unnecessary to find implied additional power in the language of the statute allowing for the sale by the commission of excess land. Therefore, the action by the highway commission was without authority and, consequently, unenforceable.

Reversed. No costs as a public question was involved.

LESINSKI, C. J., and FOLEY, J., concurred.